IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-77,654-01 & WR-77,654-02






EX PARTE COREY DESHONE MALONE, Applicant








ON APPLICATIONS FOR A WRITS OF HABEAS CORPUS


CAUSE NOS. 61,766-E & 61,767-E IN THE 108TH DISTRICT COURT


FROM POTTER COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of robbery and
aggravated robbery and sentenced to twenty years' imprisonment in each case. He did not appeal his
convictions.

 Applicant contends that his pleas were involuntary because trial counsel rendered ineffective
assistance when he wrongly advised Applicant that he was ineligible for community supervision.
Applicant alleges that counsel withdrew motions for community supervision and advised Applicant
that he would not be eligible for community supervision after the State served notice of the intention
to enhance with a prior juvenile adjudication. Were a fact-finder to find the enhancement allegation
to be true, Applicant's minimum punishment for the aggravated robbery charge would have
increased to fifteen years' incarceration, making him ineligible for jury-ordered community
supervision. Tex. Code Crim. Proc. art. 42.12 § 4(d)(1); Tex. Pen. Code § 12.42(c)(1). However,
the mere notice of prior convictions for enhancement purposes did not render Applicant ineligible
for community supervision as the juvenile adjudication, if true, is only a final felony conviction for
purposes of Section 12.42 of the Penal Code. Tex. Fam. Code § 51.13(d). 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these
circumstances, additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294
(Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court
shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial
court may use any means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d).

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether the
performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient
performance prejudiced Applicant by causing him to plead guilty rather than insisting on a trial. The
trial court shall make specific findings detailing whether counsel accurately advised Applicant about
his eligibility for community supervision and the ramifications of his alleged juvenile adjudication.
The trial court shall also make any other findings of fact and conclusions of law that it deems
relevant and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 These applications will be held in abeyance until the trial court has resolved the fact issues.
The issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: September 26, 2012

Do not publish